UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MORRIS WEATHERSPOON,

                Plaintiff,                      Case No. 1:14-cv-734

v.                                               Honorable Robert Holmes Bell

BARBARA BEIN et al.,

                Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Baker, Gonzalez, Hardiman, Southwick, Hall and Burgess. The Court will serve the complaint against Defendants Bein, Hamilton, Burt, Murphy, Weaver, Wilkinson, Byard, Eastfold, Noom and Melson with respect to Plaintiff's Eighth Amendment claim only.

**Discussion**

    I.        Factual allegations

Plaintiff Morris Weatherspoon presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF). Plaintiff sues the following MCF personnel: Physician Assistant Barbara Bein; Dentists Kevin Murphy, (Unknown) Byard and James Melson; Hygienist Cathy Weaver; Warden Sherry Burt; Health Unit Supervisor Tamerla Hamilton; Health Unit Manager Michael Wilkinson; Correctional Officers (Unknown) Barker and (Unknown) Noom; Sergeant (Unknown) Gonzalez; Librarian Manager Elizabeth Hardiman; Librarian Mary Southwick; Nurse (Unknown) Eastfold; Captain (Unknown) Hall; and Chaplain Carl Burgess.

Plaintiff alleges that on October 1 and 30, 2013, Defendant Bein denied his request for urgent medical care to treat intense pain in his "left leg femur," despite the obvious need for treatment. (Compl., docket #1, Page ID#4.) Likewise, on November 1, 2013, Defendants Hamilton and Burt denied Plaintiff's request for urgent medical care to treat intense pain in his "left leg femur," despite the obvious need for treatment. Defendants Bein, Hamilton and Burt denied Plaintiff's request in retaliation for Plaintiff's grievances and lawsuits against MDOC prison officials.

On October 16, 2013, Defendants Murphy and Weaver failed to provide prescribed dental care and treatment, despite knowing that Plaintiff had chronic problems with painful, bleeding and swelling gums and despite the obvious need for treatment. On November 4, 2013, Defendants Burt and Wilkinson failed to provide prescribed dental care and treatment, despite knowing that Plaintiff had chronic problems with painful, bleeding and swelling gums and despite the obvious

need for treatment. On April 11, 2014, Defendant Byard failed to provide prescribed dental care and treatment, despite knowing that Plaintiff had chronic problems with painful, bleeding and swelling gums and despite the obvious need for treatment. On April 25, 2014, Defendants Eastfold and Noom failed to provide prescribed dental care and treatment, despite knowing that Plaintiff had chronic problems with painful, bleeding and swelling gums and despite the obvious need for treatment. On May 30, 2014, Defendant Melson failed to extract one of Plaintiff's teeth and failed to provide prescribed dentures, despite knowing that Plaintiff had chronic problems with painful, bleeding and swelling gums and despite the obvious need for treatment. Defendants Murphy, Weaver, Burt, Wilkinson, Byard, Eastfold, Noom and Melson failed to provide Plaintiff with dental care in retaliation for Plaintiff's grievances and lawsuits against MDOC prison officials.

Defendant Byard also falsified and altered documents "to work in favor of MDOC dental care providers with attempts to shift blame on plaintiff for deterioration of plaintiff's oral condition or health" in retaliation for Plaintiff's grievances and lawsuits against MDOC prison officials. (*Id.* at Page ID#6 (verbatim).)

On March 27, 2014, Defendants Barker and Gonzalez conspired together to file false misconduct reports against Plaintiff in retaliation for Plaintiff's grievances and lawsuits against MDOC prison officials. Additionally, Defendants Barker and Gozalez threatened Plaintiff with destruction of his legal and personal property, placement into segregation, loss of recreation and job privileges, transfer, false misconduct reports and cell confinement.

On April 19, 2014, Defendants Southwick and Hardiman thwarted Plaintiff's ability to pursue a "nonfrivolous claim and . . . claims for relief." (*Id.*) Defendants Southwick and Hardiman denied Plaintiff access to the courts by denying "plaintiff . . . access to the MDOC legal

3

writer program while plaintiff had a documented mental and physical impairment[,] in retaliation for plaintiff's grievance activities and legal participation." (*Id.*)

On June 27, 2014, Defendants Hall and Burgess conspired to unfairly restrict Plaintiff from participating in Islamic Ramadan activities. Defendants Hall and Burgess

> discriminated with personal prejudice and bias which was based on plaintiff's shiite belief as retaliation for plaintiff's grievance activities and legal participation against MDOC officials and plaitniff's involvement with shiite islam, yet allowing sunni islam sects to engage and/or participate in ramadan (feeding) activities . . . ."

(*Id.* at Page ID#8 (verbatim).)

Plaintiff seeks money damages and injunctive relief.

II.     <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*,

4

550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A. Eighth Amendment

Plaintiff alleges that Defendants Bein, Hamilton and Burt denied his request for urgent medical care to treat intense pain in his "left leg femur," despite the obvious need for treatment. (Compl., docket #1, Page ID#4.) Additionally, Plaintiff alleges that Defendants Murphy, Weaver, Burt, Wilkinson, Byard, Eastfold, Noom and Melson failed to provide prescribed dental care and treatment despite knowing that Plaintiff had chronic problems with painful, bleeding and swelling gums and despite the obvious need for treatment.

At this juncture in the proceedings, Plaintiff's allegations are sufficient to warrant service of the complaint on Defendants Bein, Hamilton, Burt, Murphy, Weaver, Wilkinson, Byard, Eastfold, Noom and Melson.

B.     Defendants Barker and Gonzalez

Plaintiff alleges that Defendants Barker and Gonzalez conspired together to file false misconduct reports against Plaintiff. In his complaint, Plaintiff identifies a single misconduct report which he attaches as an exhibit to his complaint. (*See* docket #1-1, Page ID#20.) The misconduct report shows that Defendant Barker charged Plaintiff with a class II misconduct for being out of place on March 27, 2014. The report also shows that Defendant Gonzalez imposed a ten-day loss of privileges sanction against Plaintiff.

Plaintiff appears to allege a violation of the procedural protections of the Fourteenth Amendment's Due Process Clause. A prisoner's ability to challenge a prison misconduct conviction depends on whether the convictions implicated any liberty interest. A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 486-87 (1995). Under Michigan Department of Corrections Policy Directive 03.03.105, ¶ B, a Class I misconduct is a "major" misconduct and Class II and III misconducts are "minor" misconducts. The policy further provides that prisoners are deprived of good time or disciplinary credits only when they are found guilty of a Class I misconduct. (*See* Policy Directive 03.03.105, ¶ AAAA).

The Sixth Circuit routinely has held that misconduct convictions that do not result in the loss of good time are not atypical and significant deprivations and therefore do not implicate due process. *See, e.g., Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003); *Green v. Waldren*, No. 99-1561, 2000 WL 876765, at *2 (6th Cir.

June 23, 2000); *Staffney v. Allen*, No. 98-1880, 1999 WL 617967, at *2 (6th Cir. Aug. 12, 1999). Plaintiff suffered no loss of good time.[1] Plaintiff, therefore, fails to state a due process claim arising from his Class II misconduct convictions.[2] Consequently, Plaintiff fails to state a due process claim against Defendants Barker and Gonzalez.

C. Retaliation

Plaintiff alleges that Defendants Bein, Hamilton and Burt failed to treat his chronic leg pain and Defendants Murphy, Weaver, Burt, Wilkinson, Byard, Eastfold, Noom and Melson failed to provide Plaintiff prescribed dental care, in retaliation for Plaintiff's grievances and lawsuits against MDOC prison officials. Plaintiff alleges that Defendants Barker and Gonzalez retaliated against him for submitting grievances and filing lawsuits by conspiring together to file false misconduct reports. Plaintiff also alleges that Defendants Barker and Gonzalez retaliated against him by threatening to destroy legal and personal property, placing Plaintiff in segregation, causing Plaintiff to lose privileges and his job, and causing Plaintiff to be transferred or confined to his cell. Finally, Plaintiff alleges that Defendants Southwick and Hardiman retaliated against him for submitting grievances and filing lawsuits by denying him access to the MDOC legal writer program, and Defendants Hall and Burgess retaliated against him by conspiring together to unfairly restrict Plaintiff's participation in Ramadan activities.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order

---

[1] Indeed, for crimes committed after April 1, 1987, Michigan prisoners earn "disciplinary credits" under a statute that abolished the former good-time system. Mich. Comp. Laws § 800.33(5).

[2] Notably, Plaintiff waived his right to a hearing and his right to appeal the sanction imposed. The waiver also states that Plaintiff accepts the sanction imposed. (*See* Docket #1-1, Page ID#20.)

to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("bare allegations of malice on the defendants' parts are not enough to establish retaliation claims" that will survive § 1915A screening). Temporal proximity may be "'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)). However, "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Skinner v. Bolden*,

8

89 F. App'x 579, 580 (6th Cir. 2004).

      Plaintiff merely alleges the ultimate fact of retaliation.  He alleges no facts from which to reasonably infer that the actions of Defendants Bein, Hamilton, Murphy, Weaver, Burt, Wilkinson, Byard, Eastfold, Noom and Melson were motivated by any of Plaintiff's protected conduct.  To the extent Plaintiff alleges that these Defendants retaliated against him for filing grievances and lawsuits, there is no indication that any of these Defendants was a party to any grievance or legal action.[3]  Even if Defendants Bein, Hamilton, Murphy, Weaver, Burt, Wilkinson, Byard, Eastfold, Noom and Melson were parties to a grievance or lawsuit, there is no indication that the alleged denial of medical and dental care took place after the grievance or lawsuit was filed.  Consequently, there are no facts from which to infer even a bare temporal relationship between Plaintiff's protected conduct and Defendants' adverse actions.

      The same analysis applies to Plaintiff's claim that Defendant Byard retaliated against him for filing grievances and lawsuits by falsifying or altering documents to blame him, rather than MDOC dental care providers, for the deteriorating state of his dental health.  Plaintiff entirely fails to alleges facts suggesting that his protected conduct was a motivating factor in Defendant Byard's alleged retaliatory actions.  *See Smith*, 250 F.3d at 1037.

      Likewise, Plaintiff fails to state a retaliation claim against Defendants Barker, Gonzalez, Southwick, Hardiman, Hall and Burgess.  Plaintiff fails to set forth any facts from which a factfinder could infer that his protected conduct was a motivating factor in these Defendants allegedly retaliatory actions.  *See e.g., Murphy*, 833 F.2d at 108; *Harbin-Bey*, 420 F.3d at 580.

---

[3] Although Plaintiff indicates that he attached a July 18, 2012, grievance to his complaint in support of his retaliation claim, upon reviewing the 58 pages of supporting documents attached to Plaintiff's complaint, no such grievance could be found.

9

Moreover, with respect to Defendants Barker's and Gonzalez's alleged threats, even if these threats could be considered adverse action, Plaintiff still does not sufficiently allege causation. *See Smith*, 250 F.3d at 1037. Consequently, Plaintiff fails to state a retaliation claim against Defendants Bein, Hamilton, Murphy, Weaver, Burt, Wilkinson, Byard, Eastfold, Noom, Melson, Barker, Gonzalez, Southwick, Hardiman, Hall and Burgess.

        D.      Equal Protection

Plaintiff alleges that Defendants Hall and Burgess conspired to unfairly restrict Plaintiff from participating in Islamic Ramadan activities because of their personal prejudice against Shiite Muslims. Plaintiff alleges that Defendants Hall and Burgess did not similarly restrict Sunni Muslims.

"To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff disparately 'as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Bible Believers v. Wayne Cnty.*, No. 13-1635, 2014 WL 4211190 (6th Cir. Aug. 27, 2014) (quoting *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011)). "The threshold element of an equal protection claim is disparate treatment; once disparate treatment is shown, the equal protection analysis to be applied is determined by the classification used by government decision-makers." *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006).

Plaintiff makes only a conclusory allegation of disparate treatment. Plaintiff does not state how his Ramadan activities were restricted by Defendants Hall and Burgess or in what way these Defendants restricted his Ramadan activities but not the Ramadan activities of Sunni Muslim

prisoners. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Therefore, Plaintiff fails to state an equal protection claim against Defendants Hall and Burgess.

        E.      Access to Courts

Plaintiff alleges that Defendants Southwick and Hardiman thwarted his ability to pursue a nonfrivolous claim by denying him access to the MDOC legal writer program despite his documented mental and physical impairments.

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. The right of access to the courts also prohibits prison officials from erecting barriers that may impede the inmate's accessibility to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim.

11

*Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

Plaintiff entirely fails to establish actual injury. Plaintiff alleges that he was thwarted in his ability to pursue a nonfrivolous claim, but Plaintiff reveals nothing about the nature of the claim, the remedy Plaintiff sought or how not having an MDOC legal writer prevented Plaintiff from pursuing his claim.[4] As noted above, conclusory allegations of unconstitutional conduct without

---

[4] Nowhere does Plaintiff suggest that he needed a legal writer to prepare and file the instant 17 pages complaint.

specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Therefore, Plaintiff fails to state an equal protection claim against Defendants Southwick and Hardiman.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Barker, Gonzalez, Hardiman, Southwick, Hall and Burgess will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Bein, Hamilton, Burt, Murphy, Weaver, Wilkinson, Byard, Eastfold, Noom and Melson with respect to Plaintiff's Eighth Amendment claim only.

An Order consistent with this Opinion will be entered.


Dated: September 10, 2014                               /s/ Robert Holmes Bell
                                                        ROBERT HOLMES BELL
                                                        UNITED STATES DISTRICT JUDGE