UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS WEATHERSPOON,

       Plaintiff,

                                File No. 1:14-cv-734

v.

                                HON. ROBERT HOLMES BELL

BARBARA BEIN et al.,

       Defendants.
                                      /

## **MEMORANDUM OPINION AND ORDER**

       On February 2, 2016, United States Magistrate Judge Phillip J. Green issued a Report and Recommendation ("R&R"), recommending that the Court grant Defendants' motion for summary judgment and enter judgment in favor of Defendants (ECF No. 88). Plaintiff has filed objections to the R&R (ECF No. 91). For the reasons that follow, Plaintiff's objections will be denied and the R&R will be adopted as the opinion of the Court.

       This Court is required to make a *de novo* review of those portions of a R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

       Plaintiff objects to the Magistrate Judge's factual determination that Plaintiff has a mental illness, but this determination is supported by evidence in the record. Moreover, even if this determination was incorrect, it is peripheral to the disposition of Plaintiff's claims. The magistrate judge did not rely on a finding of mental illness to award summary judgment in

favor of Defendants. At issue in Plaintiff's complaint is whether he received proper medical care for leg pain and for his teeth. Plaintiff's mental illness provides a possible explanation for his complaints, but the real issue is whether Defendants were deliberately indifferent to Plaintiff's leg pain and dental needs. Thus, any error in the description of Plaintiff's mental health issues is harmless.

Plaintiff further objects to the magistrate judge's determination that there is no genuine issue of fact regarding Plaintiff's Eighth Amendment claims. Plaintiff contends that there is a genuine issue of fact as to whether his leg condition should be treated, but the evidence indicates that he received care for this condition. His disagreement with the level and type of care that he received is not sufficient to give rise to a claim for deliberate indifference under the Eighth Amendment. In other words, there is no dispute that Defendants were not deliberately indifferent to his medical needs.

Plaintiff also objects to the magistrate judge's conclusions with respect to his dental care. Plaintiff notes that teeth cleaning and dentures were prescribed by a doctor in 2012, prior to the events at issue in this case. However, Defendants do not become liable under the Eighth Amendment merely because they choose a course of treatment that differs from another physician. As indicated in the R&R, the undisputed evidence demonstrates that Defendants provided care for Plaintiff's dental needs. Plaintiff's disagreement with the adequacy of that care does not give rise to an Eighth Amendment claim. Plaintiff contends that the magistrate judge overlooked other evidence in the record, but Plaintiff does not indicate what evidence he is referring to.

Plaintiff also contends that he was denied discovery, but he does not indicate what discovery should have been provided, or what it would have shown to support his claims.[1] Plaintiff makes reference to an "offender daily schedule," and asserts that this would have supported his claims by showing that treatment was denied or delayed. (Objections, ECF No. 91, PageID.744.) He does not provide any further explanation.

In short, the Court discerns no error in the R&R.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (ECF No. 91) are **DENIED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 88) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants Sherry Burt, Unknown Byard, Unknown Eastfold, Tamerla Hamilton, James Melson, Kevin Murphy, Unknown Noom, Cathy Weaver, and Michael Wilkinson's motion for summary judgment (ECF No. 36) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Barbara Bein's motion for summary judgment (ECF No. 79) is **GRANTED.**

---

[1] Moreover, if Plaintiff lacked sufficient evidence to properly respond to the motion for summary judgment, he was required to show "by affidavit or declaration that, for specified reasons," he could not "present facts essential to justify" his opposition to Defendants' motion for summary judgment. Fed. R. Civ. P. 56(d). It does not appear that he did so.

**IT IS FURTHER ORDERED** that Plaintiff's motions for order to deny defendants motion to dismiss (ECF No. 74) and motion for injunction (ECF No. 85) are **DENIED AS MOOT.**

A judgment will be entered that is consistent with this opinion and order.


Dated: March 11, 2016 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE